**Allyson S. Krueger, OSB 965199**
Email: akrueger@dunncarney.com
**Olivia A. Courogen, OSB 223845**
Email: ocourogen@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
Telephone:    503.224.6440
Facsimile:    503.224.7324

**Chaim B. Book,** *Admitted Pro Hac Vice*
Email:  cbook@booklawllp.com
Book Law LLP
7 Times Square, 19th Floor
New York, NY  10036
Telephone: 212.244.0344

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR CO.,** an Oregon corporation,<br><br>                            Plaintiff,<br><br>    v.<br><br>**WILLIAM FERREIRA and DEAN RURAK,**<br><br>                            Defendants. | Case No. 3:23-cv-00594-HZ<br><br>DEFENDANTS WILLIAM FERREIRA AND DEAN RURAK'S MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(f)<br><br>Request for Oral Argument |

## LR 7-1 CERTIFICATE

In compliance with Local Rule 7-1, counsel for defendants William Ferreira ("Defendant Ferreira") and Dean Rurak ("Defendant Rurak" and, together with Defendant Ferreira, "Defendants") certifies that the parties made a good faith effort through a telephone conference to

resolve this dispute but were unable to do so. Defendants understand that Plaintiff Columbia Sportswear Company ("Plaintiff" or "CSC") opposes Defendants' Motion to Strike.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(f), Defendants move this Court for an Order striking certain allegations in Paragraphs 42 and 45 of Plaintiff's Complaint because they reference alleged pre-litigation statements of Defendants' counsel, made during the course of settlement negotiations, which fall within the ambit of Federal Rule of Evidence 408 and are prejudicial to Defendants. In support of their Motion to Strike ("Motion"), Defendants rely on the following Memorandum of Law, the supporting Declaration of Chaim B. Book ("Book Decl.") filed herewith, and the pleadings on file with the Court. A copy of Plaintiff's Complaint is attached hereto as Exhibit A, for the Court's ease of reference.

## MEMORANDUM OF LAW

### A.   INTRODUCTION AND FACTUAL BACKGROUND

Defendants are former executives of CSC, who resigned to go to work for a new employer in October of 2022. Plaintiff alleges claims for breach of contract and violations of federal and state trade secrets statutes, the gravamen of which are allegations Defendants took and retained CSC confidential information at or around the time of their resignations. *See* Complaint. Although not pertinent to this Motion, Defendants deny many of Plaintiff's allegations.

However, in the allegations of its Complaint, Plaintiff over-reaches in one troubling way: to support each of its legal claims, CSC relies on pre-litigation settlement communications between Plaintiff's counsel, Keith Ketterling, and Defendants' New York counsel (admitted *pro hac vice* in this case), Chaim B. Book. Ketterling and Book communicated on several occasions prior to

the filing of this lawsuit, in an attempt to resolve the dispute short of litigation. Book Decl. ¶¶ 4, 5.

Paragraphs 42 and 45 of Plaintiff's Complaint contain allegations reflecting inadmissible pre-litigation settlement communications between Ketterling and Book.[1] Book Decl. ¶¶ 11 and 12. In Paragraph 42, Plaintiff alleges in pertinent part:

> When confronted with CSC's concern that Ferreira maintained and did not return CSC's confidential information, Ferreira's lawyer, after consulting with his client, told CSC that Ferreira told him that Ferreira downloaded only one CSC presentation. Subsequently, Ferreira's lawyer admitted that his client's information was not accurate and that Ferreira had downloaded additional presentations.[2]

Complaint ¶ 42. Similarly, in Paragraph 45, Plaintiff alleges in pertinent part:

> Also, when confronted with CSC's concern that Rurak maintained and did not return CSC's confidential information, Rurak's lawyer, after consulting with his client, told CSC that Rurak told him that Rurak actually did not know what, if any confidential documents or presentations he downloaded. Regardless of whether this information was believable at the time, subsequently Rurak's lawyer admitted that his client's information was not accurate and that Rurak had actually downloaded presentations or other documents from CSC.[3]

*Id.* ¶ 45. Plaintiff relies on these two allegations to establish liability on each of its claims for relief. *See* Complaint ¶¶ 42, 45, 51, 67, and 83. Book's alleged statements occurred during the course of settlement negotiations between Ketterling on behalf of Plaintiff, and Book on behalf of Defendants. Book Decl. ¶¶ 5–12. As discussed below, the Court should strike these allegations.

---

[1] Although immaterial to this motion, the allegations in these two Paragraphs are only partially accurate.

[2] Paragraph 42 also alleges: "CSC knows, although not admitted by Ferreira, that at least one presentation related to a direct comparison and competition between CSC and Huk [a competitor of CSC's], their product lines and their marketing of the product lines." Defendants do not seek to strike that portion of Paragraph 42 as it does not reflect inadmissible settlement communications.

[3] Paragraph 45 also alleges: "CSC believes that the downloaded information included CSC's confidential information." Defendants do not seek to strike that portion of Paragraph 45 as it does not reflect inadmissible settlement communications.

B.   **LEGAL STANDARD**

1.   **Fed. R. Civ. P. 12(f).**

Rule 12(f) of the Federal Rules of Civil Procedure permits a district court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f).  Courts often require a showing of prejudice by the moving party before granting the requested relief.  *Reddy v. Morrissey*, No. 3:18-CV-00938-YY, 2018 WL 4407248, at *2 (D. Or. Sept. 17, 2018).  "One test that has been advanced for determining whether an allegation in a pleading is immaterial and impertinent within the meaning of Rule 12(f) is whether proof concerning it could be received at trial; if it could not, then the matter is immaterial and impertinent."  *Snow v. Summers*, No. 10-6224-HO, 2011 WL 1545610, at *1 (D. Or. Apr. 21, 2011).

Although district courts in the Ninth Circuit are split as to whether a motion to strike is the proper vehicle to object to allegations relating to settlement negotiations, the majority of courts that have addressed the question have concluded this is a proper use of a Rule 12(f) motion.  *City of Tillamook Oregon v. Kennedy Jenks Consultants, Inc.*, No. 3:18-CV-02054-BR, 2019 WL 1639930, at *2 (D. Or. Apr. 16, 2019).  Courts in the District of Oregon have generally held on the side of allowing consideration of motions to strike for communications that fall within the scope of Federal Rule of Evidence 408.  *See, e.g., Scott v. PacifiCorp*, No. 1:22-CV-00174-AA, 2022 WL 2452281, at *1 (D. Or. July 6, 2022); *Reddy*, 2018 WL 4407248, at *1; *Spiva v. Walmart*, No. 6:18-CV-1024-MK, 2019 WL 1063386, at *8 (D. Or. Jan. 18, 2019), *report and recommendation adopted*, No. 6:18-CV-1024-MK, 2019 WL 1062371 (D. Or. Mar. 6, 2019).

Under Rule 12(f), courts grant motions to strike references to settlement negotiations—even at the pleadings stage of the case—on the basis that the contents of settlement discussions would otherwise be inadmissible under FRE 408 and therefore immaterial and potentially prejudicial.  *See City of Tillamook*, 2019 WL 1639930, at *2 (citing *Jones v. Metro. Life Ins. Co.*, No. C-08-03971-JW DMR, 2010 WL 4055928, at *14 (N.D. Cal. Oct. 15, 2010); *McCrary v.*

*Elations Co., LLC*, No. EDCV 13-0242 JGB OPX, 2013 WL 6403073, at *5 (C.D. Cal. July 12, 2013) (granting defendant's motion to strike allegations in plaintiff's second amended complaint that contained information about offers to compromise and statements in pursuit of settlement)).

### 2. Fed. R. Evid. 408.

Evidence of conduct or a statement made during compromise negotiations about the claim is not admissible on behalf of any party either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408. Under Rule 408, "[s]ettlement negotiations include an offer or promise to provide or accept valuable consideration to settle a claim, as well as conduct or statements made in compromise negotiations regarding the claims." *Scott*, 2022 WL 2452281, at *2 (citing *Mastec N. Am., Inc. v. Coos Cnty.*, Civ. No. 04-278-AA, 2007 WL 2027011, at *8 (D. Or. July 6, 2007)) (internal quotation marks omitted).

Most importantly, admitting evidence of conduct or statements made in settlement negotiations contravenes the core policy of Federal Rule of Evidence 408:

> [T]he Rule, by definition, protects both parties from having the fact of negotiation disclosed to the jury. Moreover, proof of statements and offers made in settlement would often have to be made through the testimony of attorneys, leading to the risks and costs of disqualification.

*Roberts v. Springfield Util. Bd.,* No. 6:19-CV-01595-MC, 2021 WL 5748883, at *5 (D. Or. Dec. 2, 2021), *aff'd*, No. 21-36052, 2023 WL 3433431 (9th Cir. May 12, 2023), *and aff'd,* 68 F.4th 470 (9th Cir. 2023) (citing Fed. R. Evid. 408 advisory committee note to the 2006 amendment).

The court has discretion in weighing the underlying policy of Rule 408 when deciding whether the admission of the evidence accords with that policy. *See Sterling Sav. Bank v. Citadel Dev. Co.*, 656 F. Supp. 2d 1248, 1255 (D. Or. 2009). "[T]he circumstances surrounding the communications, including both the timing of the offer and the existence of a disputed claim, are relevant to the determination of whether they were made in the compromise or settlement of a

dispute." *Kesey, LLC v. Francis*, No. CV. 06-540-AC, 2009 WL 909530, at *8 (D. Or. Apr. 3, 2009), *opinion adopted*, No. CIV. 06-540-AC, 2009 WL 1270249 (D. Or. May 5, 2009), *aff'd*, 433 F. App'x 565 (9th Cir. 2011). "A litigant asserting the applicability of Rule 408 must [make] a substantial showing that the communications were part of the attempts to settle the dispute." *Id.* (citing *Rondor Music Int'l, Inc. v. TVT Records LLC*, No. CV 05-2909-JTL, 2006 WL 5105272, at *11 (C.D. Cal. Aug. 21, 2006)) (internal quotation marks omitted).

C.   ARGUMENT

   1.   **Certain allegations of Paragraphs 42 and 45 are inadmissible pre-litigation settlement communications.**

This Court should strike the bulk of Paragraphs 42 and 45 of Plaintiff's Complaint as inadmissible pre-litigation settlement communications protected by Rule 408. Courts in this District have granted motions to strike under FRCP 12(f) where the complaint references settlement communications which recount the history of the dispute, suggest ways in which the dispute could be settled, and reference one party's willingness to make certain concessions or compensate the other party to reach a settlement. *See, e.g.*, *Scott*, 2022 WL 2452281, at *2 (granting defendant's motion to strike after concluding that the communication at issue, on its face, "[was] a settlement communication in that it offer[ed] consideration in exchange for . . . the settlement of the dispute," and thus fell within the scope of FRE 408).

As described in the Book Declaration, counsel for the parties communicated several times, prior to CSC filing its lawsuit, in an effort to resolve the dispute short of litigation. Book Decl. ¶ 5. Discussions concerning Defendants' alleged downloading and/or retention of particular CSC information was central to those discussions as CSC insisted on Defendants sharing such information as part of any negotiated resolution. Book Decl. ¶ 6. These discussions followed Defendants' receipt of demand letters from CSC. Book Decl. ¶¶ 3 and 4, Exs. 1 and 2.

/ / /

/ / /

/ / /

At least two other district courts have also granted Rule 12(f) motions to strike in situations similar to the one presented here. In *Christopher Glass & Aluminum, Inc. v. O'Keefe*, No. 1:16-CV-11532, 2017 WL 2834536 (N.D. Ill. June 30, 2017), the plaintiff employer alleged that the defendant employee, without permission and before departing the company to work for a direct competitor, retained and removed a copy of the employer's service log, which contained trade secrets and confidential and proprietary information. The defendant moved to strike portions of the complaint relating to his voluntary return of the service log and accompanying affidavit, which were sent to the employer "as part of pre-suit negotiations and were labeled as inadmissible pursuant to Federal Rule of Evidence 408." *Id.* at *5. The defendant's counsel sent the challenged material back to the plaintiff in response to a demand letter from the plaintiff's counsel. *Id.* In his affidavit, the plaintiff admitted that he retained a hard copy of the spreadsheet after he left the plaintiff's employ, but asserted that he did not make any copies of the service log spreadsheet and had not shared it with his new employer. *Id.* Even though the letter from the defendant's counsel explicitly stated that it was "for settlement purposes only and [was] protected by Rule 408," the plaintiff repeatedly pointed to the letter enclosing the service log and affidavit as admissions of liability. *Id.* The court granted the defendant's motion to strike, concluding that such pre-suit communications referenced in complaints are inadmissible under Rule 408. *Id.* (citing additional cases in which courts have stricken similar pre-litigation settlement communications in the motion-to-strike posture).

Similarly, in *IP Cube Partners Co. v. Telecomm. Sys., Inc.*, No. 15 CV 6334-LTS, 2016 WL 3248500 (S.D.N.Y. June 13, 2016), the defendant moved to strike four paragraphs of the plaintiff's complaint because the material in question related to conduct in the course of the settlement negotiation process between the plaintiff and defendant. *Id.* at *2, 4. The court agreed, holding that the material in those paragraphs would be "stricken as immaterial and potentially prejudicial." *Id.* at *4. According to the court, by its own admission, the plaintiff "was left empty-handed, with [the defendant's] breach and liability issue unresolved after the settlement

discussions." *Id.* (internal quotation marks and emphasis omitted). Consequently, "[t]he details of [the parties'] negotiations to resolve the unresolved question of [the defendant's] liability therefore fall under Rule 408 and are subject to the strong public policy precluding consideration of such material when determining liability." *Id.*

The Court should reach the same conclusion here because the settlement negotiations between Plaintiff and Defendants (conducted via their respective counsel) were made in response to demand letters, and were made as part of pre-suit negotiations between the parties' counsel. Book Decl. ¶¶ 3–9. Additionally, those negotiations left the issue of liability unresolved. Book Decl. ¶ 10. Consequently, allegations concerning the parties' settlement negotiations fall under Rule 408 and this Court should strike them from the Complaint.

### 2. Allowing CSC to allege and offer evidence concerning settlement negotiations runs afoul of the core policy of Rule 408.

The strong public policy precluding consideration of such material when determining liability supports the conclusion that this Court should strike the bulk of Paragraphs 42 and 45 of Plaintiff's Complaint. To allow the portions of Paragraphs 42 and 45 that implicate inadmissible settlement communications to remain in the Complaint would "severely [discourage] parties from being open to negotiation proceedings[.]" *Roberts v. Springfield Util. Bd.*, No. 6:19-CV-01595-MC, 2021 WL 5748883, at *5 (D. Or. Dec. 2, 2021), *aff'd*, No. 21-36052, 2023 WL 3433431 (9th Cir. May 12, 2023), *and aff'd*, 68 F.4th 470 (9th Cir. 2023) (granting defendant's motion to strike). Moreover, "a contrary ruling would penalize a party from engaging in good faith negotiations and run afoul not only of Rule 408, but also against the interests of judicial economy." *Id.*

As noted in *Roberts,* the core policy of Rule 408 will be violated by allowing Plaintiff to allege and offer proof of the parties' pre-litigation settlement communications as that proof would have to be "made through the testimony of attorneys, leading to the risks and costs of disqualification." *Id.* Under the Oregon Rules of Professional Conduct:

/ / /

/ / /

> A lawyer may not "act as an advocate at a trial in which the lawyer is likely to be called a witness on behalf of the lawyer's client unless: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; (3) disqualification of the lawyer would work a substantial hardship on the client; or (4) the lawyer is appearing pro se."

Oregon RPC 3.7(a). New York has adopted a similar rule. *See* New York RPC 3.7(a).

For both parties, proof concerning Paragraphs 42 and 45 of Plaintiff's Complaint will necessarily require the testimony of Ketterling and Book, and litigating these allegations will result in both Plaintiff and Defendants bearing the risk and costs of potential disqualification of their counsel. Striking these allegations removes the possibility of violating the core policy of Rule 408.

### 3. Allowing CSC to allege and offer evidence concerning settlement negotiations will prejudice Defendants.

Prejudice sufficient to support the granting of a motion to strike may include "[t]he possibility that issues will be unnecessarily complicated or that superfluous pleadings will cause the trier of fact to draw unwarranted inferences at trial[.]" *Gold Club-SF, LLC v. Platinum SJ Enter.*, No. 13-CV-03797-WHO, 2013 WL 6248475, at *2 (N.D. Cal. Dec. 3, 2013). Prejudice can also come from "giving the allegation any unnecessary notoriety." *See Blincoe v. W. States Chiropractic Coll.*, No. CV 06-998-PK, 2007 WL 2071916, at *3 (D. Or. July 14, 2007). Prejudice may include, for example, conducting expensive and potentially unnecessary and irrelevant discovery. *Gunderson LLC v. BCG Properties Grp., Inc.*, No. 3:19-CV-01569-AC, 2020 WL 1529356, at *5 (D. Or. Mar. 30, 2020); *see also Bottoni v. Sallie Mae, Inc.*, No. C 10-03602 LB, 2011 WL 3678878, at *2 (N.D. Cal. Aug. 22, 2011) ("[T]he obligation to conduct expensive and potentially unnecessary and irrelevant discovery is a prejudice."). The allegations in a complaint generally dictate what evidence is discoverable. *See Trabulsi v. Wells Fargo Bank, Nat'l Ass'n*, No. 8:17-CV-02088-JLS-SK, 2018 WL 6444892, at *1 (C.D. Cal. Aug. 21, 2018) (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations.")).

The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial. *Pratt v. Phoenix Home Life Mut. Ins. Co.*, 285 B.R. 3, 6 (D. Or. 2001).  One court in this District has gone so far as to say, "[a] court *should* grant a Rule 12(f) motion to 'avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.'" *Dallas Buyers Club, LLC v. Huszar*, No. 3:15-CV-00907-AC, 2016 WL 11187248, at *2 (D. Or. Dec. 28, 2016), *report and recommendation adopted in part*, No. 3:15-CV-907-AC, 2017 WL 481469 (D. Or. Feb. 6, 2017) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)) (emphasis added).

Here, allowing Plaintiff to base its claims in part on inadmissible settlement negotiations will result in Defendants suffering prejudice in all of the ways noted above.  Evidence of the settlement negotiations will cause the trier of fact to draw unwarranted inferences at trial, and result in the allegations receiving unnecessary notoriety.  These allegations will also necessarily require the parties to engage in expensive and potentially unnecessary discovery concerning the pre-litigation settlement negotiations between their respective counsel.  Finally, being forced to litigate an issue that may result in disqualification of counsel would also result in severe prejudice to Defendants.  This Court should strike the offending portions of Paragraphs 42 and 45 to remove this threat.

**D.    CONCLUSION**

Through its allegations in Paragraphs 42 and 45 of the Complaint, Plaintiff seeks to rely on inadmissible evidence of pre-litigation settlement communications to support the validity of its claims against Defendants. Allowing these allegations to remain part of Plaintiff's case undermines

/ / /

/ / /

/ / /

the core purpose of Rule 408, and will cause significant prejudice to Defendants. Thus, this Court should grant Defendants' Motion to Strike.

Dated this 30th day of June, 2023.

                                  DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

                                  */s/ Allyson S. Krueger*
                                  **Allyson S. Krueger, OSB 965199**
                                  Email: akrueger@dunncarney.com
                                  **Olivia A. Courogen, OSB 223845**
                                  Email: ocourogen@dunncarney.com
                                  Attorneys for Defendants

                                  BOOK LAW LLP

                                  */s/ Chaim B. Book*
                                  **Chaim B. Book,** *Admitted Pro Hac Vice*
                                  Email:  cbook@booklawllp.com
                                  Attorneys for Defendants