**Allyson S. Krueger, OSB 965199**
Email: akrueger@dunncarney.com
Dunn Carney Allen Higgins & Tongue LLP
851 SW Sixth Ave., Suite 1500
Portland, Oregon 97204-1357
Telephone:    503.224.6440
Facsimile:    503.224.7324

**Chaim B. Book,** *Admitted Pro Hac Vice*
Email:  cbook@booklawllp.com
Book Law LLP
7 Times Square, 19th Floor
New York, NY  10036
Telephone:  212.244.0344

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **COLUMBIA SPORTSWEAR CO.,** an Oregon corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>**WILLIAM FERREIRA and DEAN RURAK,**<br><br>            Defendants. | Case No. 3:23-cv-00594-IM<br><br>DEFENDANTS WILLIAM FERREIRA AND DEAN RURAK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT |

In response to Plaintiff's Columbia Sportswear Company's ("CSC's") Complaint, William Ferreira and Dean Rurak ("Defendants") admit, deny, and allege as follows:

## NATURE OF ACTION

1.    In answer to paragraph 1, Defendants admit CSC is an outdoor apparel, footwear, and accessories company based in Portland, Oregon, and marketing its products under the following brand names: Columbia, SOREL, Mountain Hardware, and prAna. Defendants further

admit that the Columbia brand includes the Performance Fishing Gear line ("PFG"). Otherwise denied.

2. Defendants admit paragraph 2.

3. Defendants admit paragraph 3.

4. In answer to paragraph 4, Defendants admit that during their employment with CSC, they signed agreements related to the protection of trade secrets and other confidential information, and containing nonsolicitation and noncompetition provisions. These agreements speak for themselves; accordingly, Defendants deny CSC's characterizations of the substance of such agreements. Defendants further admit they are aware of CSC's Code of Business Conduct and Ethics. These documents speak for themselves; accordingly, Defendants deny CSC's characterizations of the substance of such documents. Otherwise denied.

5. Defendants lack sufficient information to either admit or deny what CSC discovered after Ferreira tendered his resignation. Otherwise denied.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Paragraph 8 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations stated therein.

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations stated therein.

## PARTIES, JURISDICTION AND VENUE

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegation in paragraph 11.

12. Defendants admit the allegation in paragraph 12.

13. In answer to paragraph 13, Defendants admit this Court has jurisdiction over the subject matter of this action. Otherwise denied.

14. In answer to paragraph 14, Defendants admit venue is proper in this Court. Otherwise denied.

## FACTUAL ALLEGATIONS

### Ferreira's Employment with CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

15. Defendants admit the allegations in paragraph 15.

16. Defendants admit the allegations in paragraph 16.

17. Defendants admit the allegations in paragraph 17.

18. In answer to paragraph 18, Defendants admit that during Ferreira's employment he had access to information concerning CSC's and its competitors' performance in the marketplace. Otherwise denied.

### Ferreira's Relevant Contracts with CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

19. In answer to paragraph 19, Defendants admit that during Ferreira's employment with CSC, he signed agreements related to the protection of trade secrets and other confidential information, and containing nonsolicitation and noncompetition provisions, including a document he signed in April 2016. These agreements speak for themselves; accordingly, Defendants deny CSC's characterizations of the substance of such agreements. Otherwise denied.

20. Defendants admit paragraph 20.

21. Defendants admit paragraph 21.

22. Defendants admit paragraph 22.

23. Defendants admit paragraph 23.

### Ferreira's Actions Immediately Prior to Resigning from CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

24. Defendants deny paragraph 24.

25. Defendants deny paragraph 25.

26. Defendants deny paragraph 26.

27. Defendants deny paragraph 27.

28. Defendants deny paragraph 28.

### Rurak's Employment with CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

29. Defendants admit the allegations in paragraph 29.

30. Defendants admit the allegations in paragraph 30.

31. Defendants admit the allegations in paragraph 31.

### Rurak's Relevant Contracts with CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

32. In answer to paragraph 32, Defendants admit that during Ferreira's employment with CSC, he signed agreements related to the protection of trade secrets and other confidential information, and containing nonsolicitation and noncompetition provisions, including a document he signed in September 2020. These agreements speak for themselves; accordingly, Defendants deny CSC's characterizations of the substance of such agreements. Otherwise denied.

33. Defendants admit paragraph 33.

34. Defendants admit paragraph 34.

35. Defendants admit paragraph 35.

### Rurak's Actions Immediately Prior to Resigning from CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

36. In answer to paragraph 36, Defendants admit that during the week of October 24, 2022, Rurak attended approximately four (4) hours of a two and one half day leadership meeting in Montreal with other CSC executives. Otherwise denied.

37. Defendants lack sufficient information to either admit or deny the allegations in paragraph 37.

38. Defendants deny the allegations of paragraph 38.

39. Defendants deny the allegations of paragraph 39.

### Events since Ferreira and Rurak Departed CSC

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

40. In answer to paragraph 40, Defendants admit they received letters from CSC following their departure; these documents speak for themselves; accordingly, Defendants deny CSC's characterizations of the substance of such documents. Otherwise denied.

41. Defendants deny the allegations in paragraph 41.

42. In answer to paragraph 42, Defendants lack sufficient information to either admit or deny CSC's knowledge and therefore deny same. Otherwise denied.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. In answer to paragraph 45, Defendants lack sufficient information to either admit or deny CSC's knowledge and therefore deny same. Otherwise denied.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. In answer to paragraph 48, Defendants admit CSC continued to pay their salaries as required under the relevant Proprietary Information and Noncompetition Agreements. Otherwise denied.

### CSC's Code of Business Conduct and Ethics

No response to this heading is required; to the extent any further response is required, Defendants deny the heading.

49. In answer to paragraph 49, Defendants admit CSC has a Code of Business Conduct and Ethics, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 49.

50. In answer to paragraph 50, Defendants admit CSC has a Code of Business Conduct and Ethics, which document speaks for itself.  Except as expressly admitted, Defendants deny the allegations contained in Paragraph 50.

## FIRST CLAIM FOR RELIEF

(Misappropriation of Trade Secrets – Defend Trade Secrets Act, 18 U.S.C. § 1836)

(Against Ferreira and Rurak)

51. In response to paragraph 51, Defendants incorporate their allegations, admissions, and denials in response to paragraphs 1 through 50, above, as though fully set forth herein.

52. Defendants deny the allegations of paragraph 52.

53. Paragraph 53 through 55 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations stated therein.

54. Defendants deny paragraph 56.

55. In answer to paragraph 57, Defendants admit that during the week of October 24, 2022, Rurak attended approximately four (4) hours of a two and one half day leadership meeting in Montreal with other CSC executives. Otherwise denied.

56. Defendants deny the allegations of paragraphs 58 through 66.

## SECOND CLAIM FOR RELIEF

(Misappropriation of Trade Secrets – Oregon Uniform Trade Secrets Act, ORS 646.461, *et seq.*)

(Against Ferreira and Rurak)

57. In response to paragraph 67, Defendants incorporate their allegations, admissions, and denials in response to paragraphs 1 through 66, above, as though fully set forth herein.

58. Paragraphs 68 through 71 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations stated therein.

59. Defendants deny the allegations of paragraph 72.

60. In answer to paragraph 73, defendants admit that during the week of October 24, 2022, Rurak attended approximately four (4) hours of a two and one half day leadership meeting in Montreal with other CSC executives. Otherwise denied.

61. Defendants deny the allegations of paragraphs 74 through 82.

### THIRD CLAIM FOR RELIEF

(Breach of Contract)

(Against Ferreira and Rurak)

62. In response to paragraph 83, Defendants incorporate their allegations, admissions, and denials in response to paragraphs 1 through 82, above, as though fully set forth herein.

63. Paragraphs 84 through 91 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations stated therein.

64. Except as expressly admitted herein, Defendants deny the allegations of CSC's Complaint and the whole thereof.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

65. CSC'S claims are barred to the extent it fails to state a claim upon which relief can be granted.

66. CSC is barred from recovery to the extent it bases its claims on unenforceable agreements.

67. CSC is barred from recovery to the extent it bases its claims on inadmissible settlement negotiations.

68. CSC is barred from recovery to the extent it bases its claims on agreements that are contrary to public policy.

69. CSC is barred from recovery to the extent it bases its claims on agreements that are improper restraints of trade.

70. CSC's is barred from recovery to the extent its actions and conduct have resulted in a waiver of its alleged rights and/or CSC is estopped or barred from enforcing its agreements.

71. CSC is barred from recovery to the extent it seeks only to squelch competition and retaliate against Defendants for leaving their employment, as those interests do not constitute legitimate protectable interests under Oregon or federal law.

72. CSC is barred from recovery under a theory of "inevitable disclosure" as this theory is not recognized under Oregon law and, therefore, CSC may not prevail on a claim that does not exist.

73. CSC's claims are barred, in whole or in part, because of its failure to mitigate its alleged damages.

74. Defendants have not yet had an opportunity to conduct discovery and, accordingly, reserve the right to assert additional affirmative defenses, the bases for which may be disclosed in the course of discovery.

**JURY TRIAL DEMAND**

Defendants demand a jury trial as to all claims and issues.

Dated this 10th day of October, 2023.

DUNN CARNEY ALLEN HIGGINS & TONGUE LLP

*/s/ Allyson S. Krueger*
Allyson S. Krueger, OSB 965199
Email: akrueger@dunncarney.com
Attorneys for Defendants

BOOK LAW LLP

*/s/ Chaim B. Book*
Chaim B. Book, *Admitted Pro Hac Vice*
Email: cbook@booklawllp.com
Attorneys for Defendants