**Keith Ketterling,** OSB No. 913368
Email: kketterling@stollberne.com
**Lydia Anderson-Dana,** OSB No. 166167
Email: landersondana@stollberne.com
**Kevin Flannery,** OSB No. 173457
Email: kflannery@stollberne.com
STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 SW Oak Street, Suite 500
Portland, OR 97204
Telephone: (503) 227-1600
Facsimile:  (503) 227-6840

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| COLUMBIA SPORTSWEAR CO., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM FERREIRA and DEAN RURAK,<br><br>Defendants. | Case No. 3:23-cv-00594-HZ<br><br>**PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND OTHER PRETRIAL DEADLINES**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>**EXPEDITED HEARING REQUESTED** |

### CERTIFICATION OF COMPLIANCE WITH LR 7-1

Undersigned counsel for Plaintiff Columbia Sportswear Co. ("CSC") hereby certifies that counsel for the parties exchanged emails and then conferred by videoconference regarding this motion. The parties did not reach a resolution, and CSC now asks the Court to grant this motion.

PAGE 1 -   **PLAINTIFF'S MOTION TO EXTEND DISCOVERY AND OTHER PRETRIAL DEADLINES**

**MOTION**

CSC moves the Court to extend the cutoff for discovery in this case from March 1, 2024, to May 31, 2024, and to make corresponding adjustments to the Court's case scheduling order, *see* ECF No. 30, as set forth in the table below.  Good cause exists to extend discovery based on testimony that CSC recently elicited in depositions of Defendants, including testimony that contradicted positions previously taken by Defendants in their answer.  With the additional time, CSC intends to (1) engage in an additional conferral regarding the requests for production that it issued to Defendants and, if necessary, litigate a motion to compel, (2) issue subpoenas to previously unknown third parties and, if necessary, litigate enforcement of the subpoenas, (3) take depositions of those same previously unknown third parties (4) conduct its own forensic review of Defendant Ferreira's device to investigate inconsistencies between Defendant Ferreira's testimony and the report prepared by the vendor chosen by Defendants, and (5) draft and move to amend the Complaint.  With respect to the length of the proposed extension, CSC believes that three additional months are necessary because Defendants have indicated their opposition to the steps identified above and additional intervention by the Court may be needed.  CSC does not seek a continuance of the trial date.

| Case Activity | Existing Schedule | Plaintiff's Proposed Schedule |
| --- | --- | --- |
| Completion of Discovery | March 1, 2024 | May 31, 2024 |
| Filing of Dispositive Motions | April 1, 2024 | July 1, 2024 |
| Filing of Joint Alternative Dispute Resolution Report and Pretrial Order | April 1, 2024 or 30 Days After Resolution of Dispositive Motions | July 1, 2024 or 30 Days After Resolution of Dispositive Motions |
| Oral Argument on Dispositive Motions | June 10, 2024 | Date To Be Determined |
| Start of Jury Trial | November 4, 2024 | November 4, 2024 |

PAGE 2 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**

**MEMORANDUM**

I.   **Procedural History**

CSC filed its Complaint on April 21, 2023.  As set forth in the Complaint at ¶¶ 42-47, initiation of this action followed CSC's efforts to protect its confidential information in the face of incomplete and changing stories from Defendants.  Defendants opposed the inclusion of this evidence of bad faith in the Complaint and moved the Court to strike ¶¶ 42 and 45.  *See* ECF No. 12; *see also* ECF Nos. 17 (response), 18 (reply).  While the motion to strike was pending, the Court granted in part an unopposed motion to extend the discovery cutoff and vacated the then-existing case schedule.  *See* ECF Nos. 20 (motion), 22 (order).  The Court then denied Defendants' motion to strike on September 12, 2023.  *See* ECF No. 23.

After denying that motion, the Court held a conference and issued a new case scheduling order.  *See* ECF No. 30.  This is the case scheduling order that currently governs the case.

Defendants filed their joint answer on October 10, 2023, less than six months ago.  *See* ECF No. 27.  The parties subsequently conferred and created a discovery plan.  *See* ECF No. 32.  Based on the then-identifiable needs of the case, the answer of Defendants, the representations of Defendants, and to preserve resources for all parties, CSC and the Defendants initially agreed to proceed with relatively limited discovery.  The parties agreed to exchange requests for production and to take depositions of each of the parties.  *See id.* at ¶ 1c-d.  At the time, the parties also agreed to pursue mediation or a judicial settlement conference, which was later scheduled.  *See id.* at ¶ 2; ECF No. 34.

The parties then worked to schedule depositions, propound limited discovery requests, exchange some—but not all—requested documents, confer on issues regarding the depositions and the scope of the 30(b)(6) deposition.  Finally, the parties also conferred about CSC's

PAGE 3 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**

concerns about the adequacy of Defendants' production, and made some limited—albeit, not nearly complete—headway in resolving CSC's concerns. Nonetheless, in the hope of moving toward the judicial settlement conference in March 2024, the parties proceeded with depositions. CSC took the deposition of Defendant Ferreira on February 13, 2024, and the deposition of Defendant Rurak on February 14, 2024. The 30(b)(6) deposition of CSC was taken on February 16, 2024.

Relying on the new information that CSC learned during the Defendants' depositions, discussed below, CSC informed the Defendants that it believed an extension of discovery was necessary on February 22, 2024. At this time, CSC remains open to rescheduling the judicial settlement conference (or mediation) after additional discovery has taken place. But moving forward with the judicial settlement conference currently scheduled would not be productive. In addition, the interests of justice dictate that a discovery extension be granted to allow the parties full and fair discovery.

## II.     New Information & How CSC Intends to Act on It

When Defendants answered the Complaint, they denied downloading CSC's confidential information prior to resigning to work for Marolina Outdoor (referred to as Huk in the Complaint), which is one of CSC's competitors. *Compare* ECF. No. 1 at ¶¶ 24-27, 38, *with* ECF No. 27 at ¶¶ 24-27, 38. Now, having been placed under oath, both Defendants acknowledge having downloaded confidential files from CSC after receiving offers of employment from Marolina. The timing of the conduct suggests that Defendants' misappropriation was willful and malicious—which would entitle CSC to recover attorney fees and additional damages, *see* 18 U.S.C. § 1836(b)(3)(C)-(D); ORS 646.467, .465(3)—especially when evaluated in the context of Defendants' subsequent misleading statements and actions. For

PAGE 4 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**

example, Defendant Rurak also now acknowledges, for the first time since he resigned in October 2022, that he knowingly misrepresented to CSC that he had returned all of CSC's property following his resignation.

Defendants did not recall with specificity when certain events occurred and in what order, however. Thus, to develop a complete picture of the misconduct at issue, CSC likely needs to obtain additional documents from Defendants, including their travel plans associated with their meetings with Marolina, their communications with each other (which Defendants have so far failed to produce), and their communications with Marolina and Goode Partners, which is Marolina's majority-stake owner; obtain documents from Marolina and Goode Partners relating to their interactions with Defendants during the relevant time period; and conduct depositions of the two key individuals—Edwin Lewis and David Oddi—associated with Marolina and Goode Partners, respectively, that were involved in Defendants' coordinated departure and that Defendants made CSC aware of for the first time during their depositions.

Additionally, improper solicitation by Defendant Rurak, which he previously denied, was called into question in his deposition. Defendant Rurak testified that, while he was still employed by CSC, he recommended Defendant Ferreira as a candidate for employment to Mr. Lewis, who was then the CEO of Marolina, and shared Defendant Ferreira's personal cell phone number with Mr. Lewis. At that time, Defendant Ferreira had no plan to resign his employment with CSC. However, Mr. Lewis then called Defendant Ferreira and, shortly thereafter, offered him a position with Marolina, where he would work alongside Defendant Rurak. This information that CSC previously had no knowledge of creates potential new contract and tort claims that CSC is compelled to explore through a subpoena for records from Marolina, a deposition of Mr. Lewis, and potentially a 30(b)(6) deposition of Marolina.

PAGE 5 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**

Finally, Defendant Ferreira, in his answer, denied having deleted any of CSC's files that he improperly copied and maintained after he left his employment with CSC. *Compare* ECF. No. 1 at ¶ 44, *with* ECF No. 27 at ¶ 44. Defendant Ferreira maintained his denial during his deposition, asserting that he deleted only personal files from the device that he had used to download CSC's confidential information. CSC believes that his denial is at odds with the report generated by the vendor selected by Defendants' attorneys to image Defendant Ferreira's device. CSC has significant concerns about the accuracy of Ferreira's sworn testimony and spoilation of evidence. But because Defendants currently take the position that the vendor who imaged the device is covered by the work product privilege, CSC must engage its own forensic expert to evaluate the image, associated report, and other evidence. CSC already has engaged an expert, in the days following Defendant Ferreira's testimony. But additional time is needed for the expert to complete their work.

## CONCLUSION

The needs of the case have changed. A reasonable extension of discovery and other case deadlines, as set forth in the table above, is needed to ensure that CSC can obtain both a more complete picture of the underlying facts and a more complete assessment of all its potential claims. The requested extension of discovery to May 31, 2024 is particularly necessary in light of Defendants' changing stories and not due to any delay or lack of diligence on the part of CSC. Accordingly, CSC respectfully moves the Court to grant the extension.

PAGE 6 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**

STOLL STOLL BERNE LOKTING & SHLACHTER P.C.
209 S.W. OAK STREET, SUITE 500
PORTLAND, OREGON 97204
TEL. (503) 227-1600   FAX (503) 227-6840

DATED this 27th day of February, 2024.

       STOLL STOLL BERNE LOKTING & SHLACHTER P.C.

       By: s/ *Kevin Flannery*
        **Keith Ketterling,** OSB No. 913368
        **Lydia Anderson-Dana,** OSB No. 166167
        **Kevin Flannery,** OSB No. 173457

       209 SW Oak Street, Suite 500
       Portland, OR 97204
       Telephone: (503) 227-1600
       Facsimile:  (503) 227-6840
       Email:      kketterling@stollberne.com
          landersondana@stollberne.com
          kflannery@stollberne.com

PAGE 7 – **PLAINTIFF'S MOTION TO EXTEND DISCOVERY & OTHER PRETRIAL DEADLINES**