# Stoll Berne

**Kevin M. Flannery**
kflannery@stollberne.com

April 23, 2024

Re:     Agreed Request for ADR-Related Stay in *Columbia Sportswear Co. v. Ferreira & Rurak*,
        No. 3:23-cv-00594

Dear Judge Hernández:

The parties wish to jointly provide the Court with this brief update and request a short stay of the case while they work to arrange mediation on agreeable terms.

As background, the parties have been engaged in additional discovery with each other since the Court extended the discovery cut-off date to May 1, 2024.  *See* ECF No. 40.  Plaintiff Columbia Sportswear Co. ("CSC") has also issued subpoenas to the third-party entities referenced in its motion to extend the discovery cut-off date, *see* ECF No. 40, and moved to amend the Complaint, *see* ECF No. 45.  The subpoenas to the third-party entities require them to appear for depositions by video-conference on April 30, 2024, and those entities have indicated that they intend to move to quash the subpoenas.  Additionally, Defendants' response to CSC's motion to amend the Complaint would normally be due on April 26, 2024.  (In anticipation of submitting this letter to the Court, CSC agreed to a one-week extension—to May 3, 2024—for Defendants to file their response.)

As discovery has continued, the parties have also been engaged in settlement efforts.  As part of those efforts, CSC recently proposed a framework for mediation, and Defendants have indicated that they would agree to mediation roughly along the lines of CSC's proposal.

Given the apparent agreement, the parties believe that it would be beneficial to focus their efforts over the next few weeks on finalizing the details of the proposed mediation, rather than litigating issues related to discovery and CSC's motion to amend the Complaint.  In that vein, the parties respectfully request that the Court stay the case up through and including Friday, May 10, 2024.  The parties would be prepared to file a new proposed case management schedule or status report on or before May 10, 2024.  In the event that mediation is unsuccessful, the parties intend that the stay would not be prejudicial to the rights of the parties to complete discovery or present their respective positions to the Court (including the rights of the third-party entities to move to quash the subpoenas).

If the Court wishes to have any further information before entering the requested stay, the parties are willing to appear for an informal telephonic conference with the Court or supply information to chambers upon request.

Sincerely,

Kevin M. Flannery

KF:aaf
cc:     Allyson Krueger, Lauren Russell, Chaim Book